# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SPECIAL COUNSEL, | DOCKET NUMBER |
|            Petitioner, | CB-1216-16-0017-T-1 |
|       v. | |
| KEITH L. ARNOLD, | DATE: January 17, 2023 |
|            Respondent. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Carolyn S. Martorana</u>, Esquire, Washington, D.C., for the petitioner.

<u>Keith L. Arnold</u>, Auburn, Washington, pro se.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Leavitt recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      The respondent has filed a petition for review of the initial decision, which found that he had violated the Hatch Act by running for a partisan political office in two election cycles and ordered his removal from Federal service.  Generally,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative law judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the respondent's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the respondent has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The respondent has served as an employee of the U.S. Department of Commerce's National Oceanic and Atmospheric Administration since March 2010. Complaint File (CF), Tab 6 at 1, Tab 1 at 5. The Office of Special Counsel (OSC) filed a Complaint for Disciplinary Action (Violation of the Hatch Act) against the respondent, charging him with a single count of being a candidate for partisan political office in violation of 5 U.S.C. § 7323(a)(3) and 5 C.F.R. § 734.304 for the 2014 primary election for the office of U.S. Representative for the 8th Congressional District of the State of Washington (Washington's 8th Congressional District). CF, Tab 1. OSC subsequently amended its complaint to add a second count alleging that the respondent also ran in the 2016 primary election for the same office. CF, Tab 9. The respondent did not dispute that he ran in the named primary elections, but instead argued that the elections were nonpartisan because Washington's "Top 2" primary system meets

the pertinent regulatory definition of a nonpartisan election.  CF, Tab 12 at 3-5. OSC filed a motion for summary adjudication, arguing that the respondent had admitted to all material facts and thus it was entitled to judgment as a matter of law.  CF, Tab 22.  The respondent also filed a motion for summary judgment.[2] Petition for Review (PFR) File, Tab 7.  Subsequently, the administrative law judge issued an order denying the respondent's motion in its entirety and granting OSC's motion in part, finding OSC was entitled to judgment as a matter of law on both counts of its complaint, but finding a hearing necessary to determine the proper penalty to impose on the respondent.  CF, Tab 25 at 8-9.

¶3        After holding the hearing, the administrative law judge issued an initial decision finding that OSC proved its case and that removal was the appropriate penalty for the violation.  CF, Tab 35, Initial Decision (ID).  In his timely filed petition for review, the respondent reiterates his argument that his candidacy was allowed under the exceptions enumerated in 5 C.F.R. § 734.207.  PFR File, Tab 1. OSC responds in opposition to the respondent's petition for review.  PFR File, Tab 3.

¶4        After the close of the record on review, OSC filed two motions to reopen the record to submit new and material evidence showing that the respondent ran two more times as a candidate for partisan political office in violation of 5 U.S.C. § 7323(a)(3), in the 2018 and 2020 primary election for Washington's 8th Congressional District.  PFR File, Tab 8 at 5-6, 9-11, 26-29; Tab 10 at 5-7, 11-13. OSC argued that the new evidence not only supports the penalty of removal, but also supports an enhanced penalty to include a $1,000.00 fine and debarment from Federal employment for 5 years.  PFR File, Tab 8 at 6, Tab 10 at 7.  The Acting Clerk of the Board granted both motions to submit a new pleading and afforded the respondent 15 days, in each instance, to respond to OSC's new

---

[2] A copy of the respondent's motion for summary judgment was missing from the record below but was supplemented on review.

evidence.  PFR File, Tabs 9, 11.  The respondent did not respond in either instance.

### DISCUSSION OF ARGUMENTS ON REVIEW

The administrative law judge considered the respondent's arguments and correctly determined that he violated the Hatch Act.

¶5        The respondent claims that the administrative law judge and OSC "knowingly, willfully, and fraudulently" left out the exceptions contained within 5 C.F.R. § 734.304, and that under those exceptions he was allowed to run in the primary election for Washington's 8th Congressional District.  PFR File, Tab 1.  5 C.F.R. § 734.304 prohibits an employee from running for the nomination, or as a candidate for election, to a partisan political office, unless the employee falls into one of the following two exceptions, as enumerated in 5 C.F.R. § 734.207: either if an employee (a) runs as an independent candidate in a partisan election covered by 5 C.F.R. part 733; or (b) runs as a candidate in a nonpartisan election. We find that that the first exception is inapplicable here because Washington's 8th Congressional District is not included in any of the municipalities covered by 5 C.F.R. part 733.[3]  5 C.F.R. § 733.107(c).  Therefore, the only issue in dispute is whether the respondent ran in a nonpartisan political election.

¶6        We reject the respondent's argument and agree with the administrative law judge's finding that the primary elections for Washington's 8th Congressional District are partisan, and thus do not fall under the second exception enumerated in 5 C.F.R. § 734.207.  ID at 13-14.  A partisan political office is defined as "any office for which any candidate is nominated or elected as representing a party any of whose candidates for Presidential elector received votes in the last preceding election at which Presidential electors were selected, but does not include any office or position within a political party or affiliated organization."  5 C.F.R

---

[3] The respondent does not argue that Washington's 8th Congressional District is within one of the designated municipalities covered by 5 C.F.R. § 733.107.  PFR File, Tab 1.

§ 734.101; *see also* 5 U.S.C. § 7322(2). There is no evidence in the record, or any argument made by the respondent, that undermines the administrative law judge's finding that the primary elections for Washington's 8th Congressional District included candidates from political parties whose candidates for Presidential elector received votes in the last preceding election. ID at 12. Further, the Board has confirmed that the office of United States Representative is a partisan political office. *Special Counsel v. Lewis*, 121 M.S.P.R. 109, ¶ 15 (finding that a respondent's candidacy for the U.S. House of Representative was a violation of the Hatch Act), *aff'd*, 594 F. App'x 974 (Fed. Cir. 2014); *see also Merle v. United States*, 351 F.3d 92, 96 (3d Cir. 2003) ("By the plain terms of the Hatch Act, the position of United States Representative is a partisan political office."). Therefore, because the office of U.S. Representative is a partisan political office, we agree with the administrative law judge that the respondent violated the Hatch Act when he ran in in the 2014 and 2016 primary elections for Washington's 8th Congressional District. ID at 14-15.

Removal is an appropriate penalty.

¶7        The administrative judge correctly applied the relevant *Douglas* factors and found that removal was the appropriate penalty to impose on the respondent. ID at 16-21; *Lewis*, 121 M.S.P.R. 109, ¶ 31 (concluding that the Board should apply the *Douglas* factors in independently determining the proper penalty from the range of penalties permissible under 5 U.S.C. § 7326); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (providing a nonexhaustive list of factors that may be relevant to a penalty determination, including, among other factors, whether the misconduct is intentional, repeated, and shows a poor potential for rehabilitation). The respondent does not dispute the administrative law judge's application of the *Douglas* factors, and upon review of the record, it is apparent that the administrative law judge reviewed all of the evidence and arguments by both parties and came to reasoned, logical conclusions. *See* ID; PFR File, Tab 1. Thus we see no reason to disturb his findings. *Crosby v. U.S.*

*Postal Service*, [74 M.S.P.R. 98](), 106 (1997) (declining to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, [33 M.S.P.R. 357](), 359 (1987) (finding no reason to disturb the administrative judge's findings when the initial decision reflected that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶8      As for OSC's request that the Board enhance the penalty imposed against the respondent because the respondent ran again for partisan political office in 2018 and 2020, we deny the request.  PFR File, Tab 8 at 6, Tab 10 at 6-7.  The enhanced penalty requested by OSC is based on the statutory authority provided for in the National Defense Authorization Act for Fiscal Year 2018, Pub. L. No. 115-91, 131 Stat 1283, 1626 (NDAA for 2018).  Section 1097(k)(2) of that Act, codified at [5 U.S.C. § 7326](), authorizes those penalties for violations of [5 U.S.C. § 7323]() "occurring after the date of enactment of this Act."  The NDAA for 2018 became effective on December 12, 2017.  Thus, by the plain language of the statute, the respondent's actions in 2014 and 2016 are not subject to the NDAA for 2018 and the enhanced penalties provided for in that statute cannot be imposed for the respondent's conduct.  *Hooker v. Department of Veterans Affairs*, [120 M.S.P.R. 629](), ¶ 12 (2014) (quoting *Landgraf v. USI Film Products*, [511 U.S. 244](), 257 (1994) ("A statement that a statute will become effective on a certain date does not even arguably suggest that it has any application to conduct that occurred at an earlier date.")).

¶9      Furthermore, we find that enhancing the penalty imposed on the respondent for violations that occurred after the effective date of the NDAA for 2018 and after the issuance of the initial decision would be inconsistent with the statutory requirements.    Pursuant to [5 U.S.C. § 1215]()(a)(1), if OSC determines that disciplinary action should be taken against an employee for, among other things, violating the Hatch Act, it "shall prepare a written complaint against the

employee containing the Special Counsel's determination, together with a statement of supporting facts, and present the complaint and statement to the employee and the Board . . . ."  Further, once a complaint is filed, certain procedural protections are afforded to the respondent pursuant to 5 U.S.C. § 1215(a)(2), including a reasonable time to answer the complaint orally and in writing, to have a hearing before the Board or an administrative law judge designated by the Board, and to have a written decision on the merits.  OSC filed a complaint with the Board against the respondent for violations of 5 U.S.C. § 7323(a)(3) and 5 C.F.R. § 734.304 that occurred in 2014 and 2016, and the respondent was given an opportunity to respond to the charges, have a hearing in front of an administrative law judge, and have a written decision on the merits.  5 U.S.C. § 1215(a)(2); CF, Tab 9; ID.  At no point has OSC filed a complaint against the respondent for violations of 5 U.S.C. § 7323(a)(3) related to his candidacy in 2018 or 2020 and thus, the respondent has not been afforded the procedural protections required by 5 U.S.C. § 1215(a)(2).  Accordingly, because OSC did not comply with the requirements of 5 U.S.C. § 1215, we deny its request to enhance the respondent's penalty to include an additional fine and debarment as authorized by the NDAA for 2018.[4]

## ORDER

The Board ORDERS the National Oceanic and Atmospheric Administration to REMOVE the respondent from his position of employment.  The Board also ORDERS OSC to notify the Board within 30 days of the date of this Final Order whether the respondent has been removed as ordered.  This is the final decision of the Merit Systems Protection Board in this appeal.  5 C.F.R. § 1201.113(b).

---

[4] OSC may file a new complaint with the Board if it wishes to seek disciplinary action against the appellant for his 2018 and 2020 candidacies.  Such a complaint must comport with the statutory requirements and must be filed consistent with the Board's regulations.  5 U.S.C. § 1215(a)-(b); 5 C.F.R. §§ 1201.122, 1201.123.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant[6] seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

[6] In this case, the respondent has the same appeal rights as an "appellant."

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board
Washington, D.C.